UNITED STATES, Appellee,

v.

Private (E–1) Roderick A. JONES, SSN 336–54–0863, United States Army, Appellant.

SPCM 16557.

U. S. Army Court of Military Review.

29 Jan. 1982.

Colonel Edward S. Adamkewicz, Jr., JAGC, Major Raymond C. Ruppert, JAGC, Major Charles A. Byler, JAGC, and Captain Edward J. Walinsky, JAGC, were on the pleadings for appellant.

Colonel R. R. Boller, JAGC, Major John T. Edwards, JAGC, Major Michael L. De-Busk, JAGC, and Captain Michael R. Smythers, JAGC, were on the pleadings for appellee.

Before CARNE, O'DONNELL and FOREMAN, Appellate Military Judges.

OPINION OF THE COURT

FOREMAN, Judge:

The appellant was convicted, *inter alia*, of striking a noncommissioned officer in the execution of his office, in violation of Article 91, Uniform Code of Military Justice, 10 U.S.C. § 891 (1976). He was sentenced to a bad-conduct discharge and confinement at hard labor for 75 days. The convening authority approved the sentence.

The appellant contends that the specification fails to state an offense because it contains no words of criminality. He relies on *United States v. Jones*, 20 U.S.C.M.A. 90, 42 C.M.R. 282 (1970), which held that the mere allegation of striking without an averment of wrongfulness or unlawfulness was insufficient to describe a violation of Article 128, Uniform Code of Military Justice, 10 U.S.C. § 928 (1976).

The specification in this case alleges that the appellant did, at a certain time and place, "strike First Sergeant Francisco Gandarilla, his superior noncommissioned officer, who was then in the execution of his office, by striking him in the chest with his hand. . . ." We hold that the specification states an offense. We believe that *Jones*, which dealt with Article 128, is inapplicable to this case. Article 128 proscribes an attempt or offer to do bodily harm "with unlawful force and violence." However, Article 91 is violated by one who "strikes or assaults a . . . noncommissioned officer . . . while that officer is in the execution of his office. . . ." The specification in this case expressly sets out the essential elements of the statute: (1) that the appellant struck someone; (2) that the person struck was a noncommissioned officer; and (3) that at the time of the striking the noncommissioned officer was in the execution of his office.

We consider it obvious that Congress did not intend to proscribe a lawful striking of a noncommissioned officer. The striking proscribed in the statute is impliedly unlawful. Likewise, a striking properly alleged

as a violation of Article 91 is impliedly unlawful. Therefore, we conclude that the specification in this case, which uses the statutory language, is sufficient to state an offense. *See United States v. Bartee*, 50 C.M.R. 51, 58 (N.C.M.R.1974); *United States v. Niemic*, 14 C.M.R. 813, 816–17 (A.B.P.1954); *United States v. Martin*, 13 C.M.R. 587, 589 (N.B.R.1953).

The findings of guilty and the sentence are affirmed.

Senior Judge CARNE and Judge O'DON-NELL concur.